D. A. JANUARY, Respondent, v. FANNY B. STEPHENSON, Appellant.

May 16, 1876.

1. A landlord's right to evict a non-paying tenant under the "Landlords and Tenants" act (Wag. Stat. 877) will not be affected by the fact that the lease is held by a trustee for another. The landlord has no concern with the condition of the trust, and no occasion for equitable inquiry into it. The trusteeship merely serves to describe the person with whom he has contracted.

2. The jurisdiction of a justice of the peace, for the purpose of restoring possession to the landlord, covers all cases of rent in arrear, without reference to the amount claimed. But the additional power to render judgment for the sum due from the tenant is limited by the general law regulating the jurisdiction of justices of the peace in suits for the recovery of money.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*R. S. Voorhis*, for appellant.

*W. F. Boyle*, for respondent, cited: Willi v. Peters, 11 Mo. 395; Sheppard v. Martin, 31 Mo. 492; Harley v. McAuliff, 24 Mo. 85; Sweeney v. Mines, 31 Mo. 240; Walker v. Northern C. M. Co., 5 De G., M. & G. 629; Wag. Stat., ch. 85, sec. 32.

LEWIS, J., delivered the opinion of the court.

This is a proceeding under the "Landlords and Tenants" act, to recover possession of leased property for non-payment of rent. Wag. Stat. 882, secs. 32, and following. The complaint was in due conformity with the statute, and was originally filed against the present defendant and John B. Gibson as her trustee. At the hearing before the justice the suit was dismissed as to Gibson, and judgment was obtained by plaintiff for possession of the property and costs of suit.

In the Circuit Court, on defendant's appeal, the cause was submitted on a motion to dismiss, accompanied by an agreed statement of facts, which included a copy of the

lease. It thus appeared that, on April 2, 1860, plaintiff leased the premises to James N. Stephenson and John B. Gibson, trustees for Fanny B. Stephenson, for a term of forty years, with sundry stipulations as to payments of rent, etc., of no material significance in this controversy; that James N. Stephenson had died before the institution of the suit; that the defendant had come into possession of the premises under the lease referred to, and was so in possession at the commencement of the suit; that the sum of $300 was due for rent, and that payment thereof had been demanded of defendant by plaintiff's agent, and was refused. The court overruled the motion to dismiss, and rendered judgment in plaintiff's favor for possession of the premises, and 1 cent damages.

Defendant claims that the justice had no jurisdiction of the cause, because "the leasehold is purely a trust estate, created by deed, and is peculiarly within the province of equity jurisdiction." It is argued that the proceeding should be by "bill in equity, where all the parties to the deed can be brought in, and their respective rights adjusted upon the forfeiture declared."

If there were here any controversy between the trustees and the *cestui que trust*, there might be some ground for the position assumed. But the landlord is simply pursuing a statutory remedy upon his lease, in which he knows nothing of any trusteeship, except as it may serve to describe the person with whom he has contracted. "The relation between the owner of land and those who occupy it is of a purely legal character. The circumstance that there is a relation of an equitable character subsisting between the lessee and the actual occupier cannot give any equitable rights to one who claims by a title paramount both to the trustee and the *cestui que trust*. Whatever be the relation between the lessee and the occupier, the landlord's rights are unaffected." *Walters* v. *The Northern C. M. Co.*, 5

De G. M. & G. 641. Defendant's position cannot be sustained.

It is further claimed that the proceeding should have been dismissed because the amount of rent in arrear, according to the complaint, was $300, and so above the jurisdiction of the justice. This claim is equally inadmissible. The suit was not for recovery of the money due, but for possession of the rented premises. The 32d section of the statute provides thus : " In all cases in which lands and tenements are, or shall be, rented or leased, and default shall be made in the payment of the rents at the time or times agreed upon by the parties, it shall be lawful for the landlord to dispossess the tenant and all sub-tenants, and recover possession of the premises rented or leased, in the manner hereinafter provided." Here is a specific declaration of the primary object of the law. It has no reference to the amount of the unpaid rents, and no limitation as to value, or terms of renting. The remedy is to cover " all cases in which lands and tenements are, or shall be, rented or leased." The succeeding provisions indicate the processes of application ; among them, the "justice shall issue a summons, directed to such tenant or lessee, and to *all persons occupying the property*, by name, requiring them to appear before him, upon a day to be therein named, and show cause why possession of the property should not be restored to the plaintiff."

As the law was first enacted, in 1845, the remedy ended substantially with the restoration of possession to the landlord. In the revision of 1865 the recovery was enlarged by addition of the words, " and also his (the landlord's) debt for the amount of the rent then due ; *provided*, that the amount of the rent shall not exceed the jurisdiction of a justice of the peace, with all costs, etc. It is here argued that this proviso applies to the whole remedy, and cuts off the justice's jurisdiction, for any purpose, if the tenant be more than $200 in arrears upon his rents. But that would

be a novel method of interpretation by which the introduction of an additional measure of relief, with a limiting proviso, should unsettle the terms of the ancient remedy, to which no such proviso was ever attached. Nothing is said to indicate a change of policy in the law, except in so far as the plaintiff may recover something more than he could before the revision. No accepted rule of statutory construction will apply this jurisdictional proviso to any part of the remedy, except that in connection with which it was first introduced. The meaning of the whole law is that the landlord may, " in all cases " contemplated in the 32d section, recover possession of the rented premises. But he can have judgment, also, for " the amount of the rent then due," in those cases only wherein " the amount of the rent shall not exceed the jurisdiction of a justice of the peace," by the general law establishing the amounts of recoveries in money to which that jurisdiction may extend. In the present case the law was so applied, and strictly obeyed. We think there is no error in the record, and that the judgment must be affirmed. All the judges concur.