W. R. McQUOID ET AL., Respondents, v. C. E. LAMB, Appellant.

### St. Louis Court of Appeals, October 27, 1885.

19a 153
31a 46
33a 182
19 153
41 578
19 153
46 197
46 350
19 153
49 430
19 153
56 199
19 153
68 23
71 339

1. FORCIBLE ENTRY—JUSTICES—JURISDICTION.—The jurisdiction of a justice of the peace must affirmatively appear in an action of forcible entry and detainer.

2. JURISDICTION—AMENDMENT—CERTIORARI.—On removal to the circuit court by *certiorari*, jurisdiction can not be conferred by amendment and the appearance of the parties where the justice's jurisdiction does not appear.

3. ―――― PRESUMPTION.—Jurisdiction of a justice will not be presumed on appeal or *certiorari* where the transcript fails to show jurisdictional facts.

Appeal from the Knox County Circuit Court, Ben.
E. Turner, Judge.

*Reversed and dismissed.*

L. F. Cottey and O. D. Jones, for the appellant:
The cause should have been dismissed. No cause of
action is stated in amended complaint against the de-
fendant. It is not stated the offence was in the absence
of the husband or any other fact, to overcome the pre-
sumption that she did it, if at all, under the influence
and direction of her husband. *Dailey v. Houston*, 58
Mo. 361. It is clearly error to admit the oral agreement
of defendant, made October 25, 1883. She was then a
married woman. If signed and executed in the most
solemn form without her husband it would not sustain
any action. *Long v. Cockerell*, 55 Mo. 93 ; *Huff v. Price*,
50 Mo. 228 ; *Shroyer v. Nickell*, 55 Mo. 264. The con-
tracts of the parties on this subject were put in writing.
On what principal is this side or outside oral agreement,
made at same time, admitted ? *Chambers v. Board*, 60
Mo. 370, 371 ; *Henning v. W. S. Ins. Co.*, 47 Mo. 425.
This action is one of possession, not title, or even the
right of possession, or title, or any other mere equity.
*Clampitt v. Kelley*, 62 Mo. 571. The court erred in
refusing instructions asked by defendant, if the agree-
ments, written and oral made by defendant, a married
woman, were void in law when made, as is main-
tained by all the authorities. *Shroyer v. Nickell, supra* ;
*Whiteley v. Stewart*, 63 Mo. 360 ; *Wolf v. Walter*, 56 Mo.
292 ; *Davis v. Smith*, 75 Mo. 219 ; *Alexander v. Lydick*,
80 Mo. 341. Plaintiffs must show they "were in the
actual, as contradistinguished from the constructive, pos-
session of the premises at the time defendant entered."
*Armstrong v. Hendrick*, 67 Mo. 542. As where plaintiff
had entered and plowed and left his mark. *DeGraw v.
Prior*, 60 Mo. 56. But to enter and plow only a few
furrows is not sufficient. *Edwards v. Cary*, 60 Mo. 572.
Nor to cut timber alone. *Powell v. Davis*, 54 Mo. 315.

McQuoid & Clancy, for the respondents: Respondents entered into the peaceable possession of said premises in good faith, with the intention of taking permanent possession of the same. They nailed up the doors and fastened the windows of the house and put up the fences. The appellant knew that respondents had the possession and the right of possession, and she further knew that she was a trespasser, in going back on said premises. *Armstrong v. Hendrick*, 67 Mo. 542; *Kingman v. Abington*, 56 Mo. 46; *Bradley v. West*, 60 Mo. 59; *Edwards v. Cary*, 60 Mo. 572; *McCartney, Adm'r, v. Alderson*, 45 Mo. 35; *May v. Luckett*, 48 Mo. 472; *Powell v. Davis*, 54 Mo. 315; *DeGraw v. Prior*, 68 Mo. 158; *Bartlett v. Draper*, 23 Mo. 407.

Rombauer, J., delivered the opinion of the court.

In an action of forcible entry and detainer the circuit court is not a court of original, but of appellate, jurisdiction. Under our statute, exclusive original jurisdiction vests in justices of the peace. It results from this, that no presumptions can be indulged by this court, in reviewing a judgment rendered by the circuit court, in such action, either in favor of the jurisdiction of the justice, or in favor of the jurisdiction of the circuit court. It is incumbent upon the party who claims under such judgment, affirmatively to show that the justice had jurisdiction in the premises originally, and that the circuit court subsequently acquired jurisdiction by *certiorari*, or appeal.

It appears in this case that an action of forcible entry was instituted by the plaintiffs, before a justice of the peace in Knox County, against Christiana E. Lamb, and others. The statement filed by them with the justice is not preserved in the record, and it does not appear whether such statement was in substantial conformity with the provisions of section 2423, Revised Statutes, a conformity with which is an essential prerequisite to the justice's jurisdiction. *Fletcher v. Keyte*, 66 Mo. 285.

The cause was subsequently removed to the circuit court by *certiorari*. The writ of *certiorari* performs no other office than to remove the cause pending before the justice to the circuit court. If the justice had no jurisdiction in the cause, owing to the failure of filing a sufficient complaint before him, the circuit court can acquire none by removal.

In the circuit court the plaintiffs filed an amended complaint. The defendant, Christiana, moved to dismiss, but the court overruled her objection, and, upon trial, there was a verdict and a judgment against her, from which she appeals.

It is clear upon the record before us that her motion to dismiss should have been sustained, as the justice's jurisdiction does not appear. Even if her motion to dismiss did not assign proper grounds, the objection was not waived by subsequent appearance and joining issue. If the circuit court had no jurisdiction of the cause, the consent of the parties, even if such consent could be implied, could confer no jurisdiction upon it. *Robinson v. Walker*, 45 Mo. 120.

For the reasons above stated, the judgment must be reversed and the cause dismissed. It is so ordered. All the judges concur.