MARY L. GIDEON ET AL., Respondents, v. W. G. HUGHES ET AL., Appellants.

### St. Louis Court of Appeals, April 6, 1886.

1. JUSTICES—JURISDICTION.—A justice's jurisdiction must appear on the face of the papers filed in the cause.

2. ——— PRESUMPTIONS—APPELLATE PRACTICE.—On appeal from a judgment in a cause brought before a justice, where the justice's jurisdiction does not affirmatively appear, an appellate court will not presume jurisdiction in favor of the judgment of the circuit court.

3. FORCIBLE ENTRY—HUSBAND AND WIFE.—In a possessory action for lands of which the wife is seized in fee, the right of possession being in the husband, he is the substantial party to the action, and may dismiss it without his wife's consent.

APPEAL from the Dunklin County Circuit Court, JOHN G. WEAR, Judge.

*Motion overruled.*

THOMPSON, J., delivered the opinion of the court on motion to set aside dismissal.

At the last term an order was entered in this court dismissing this suit in pursuance of a stipulation signed by the plaintiff John M. Gideon, for himself and wife, Mary L. Gideon, and by the defendants. Thereafter, a motion was made to set aside this order of dismissal; which motion was continued to the present term. The motion is supported by an affidavit to the substantial effect that the compromise and agreement to dismiss the suit was made by the plaintiff John M. Gideon, without the consent and in fraud of the rights of his wife and co-plaintiff Mary L. Gideon, who has since separated from him in consequence of cruelty, and brought an action against him for divorce. The motion presents

some curious complications, and we have to deal with them in the best way we can.

There is no record proper in the case filed in this court—nothing but a bill of exceptions. This bill of exceptions contains the entry of judgment of the circuit court from which this appeal is taken. This entry of the judgment recites that the cause was instituted before a justice of the peace. But neither the transcript nor any of the papers in the proceeding before the justice are in this record. In such a case we have held that a justice of the peace, being an inferior court of special and limited jurisdiction whose jurisdiction is not entitled to any presumptions in its favor, but must affirmatively appear, unless it does appear on the record, we can not presume that it existed ; that the jurisdiction of the circuit court, being derivative from that of the justice and dependent on it, can not be presumed to exist ; and that in such a case we have no jurisdiction to adjudicate upon the merits, because we can not regard the judgment of the circuit court, from which the appeal is taken, as having been rendered in a proceeding of which that court had jurisdiction. *McQuoid v. Lamb*, 19 Mo. App. 153.

We, also, gather from the transcript and the affidavits that this is an action of forcible entry and detainer, or unlawful detainer, brought to recover certain premises which descended to the plaintiff Mrs. Gideon, on the death of her former husband, Mr. Sharp, in the year 1865, as her homestead. At that time there was no homestead law in this state, the general statutes of 1865, which first created this right, having been enacted on March 20, 1866. The land in controversy in 1865 must have descended to the heirs at law of Mr. Sharp, subject to his widow's dower interest ; and her testimony in the bill of exceptions, of which the record consists, shows that there were children of her deceased husband. But, assuming that her homestead right could have attached

by virtue of the subsequently enacted homestead law, then what was that right? The homestead descended to her in absolute fee as a mere legal estate. *Skouten v. Wood*, 57 Mo. 380; *Albrecht v. Imbs*, 3 Mo. App. 587. But the husband is entitled during the coverture to the possession of lands of which his wife is seized as of a legal estate in fee. The right of possession is his, not hers, and he may bring ejectment for the same without joining her. *Cooper v. Ord*, 60 Mo. 420, 430. He may, for reasons equally strong, maintain an action of forceable entry and detainer, which is a mere possessory action. From all that we can gather from the affidavits and the transcript, we must, therefore, conclude that the substantial right of action in this case was in the husband and not in the wife, and that the wife was joined on some idea that it was necessary to join her "for conformity," as it is called in the books. This being so, he had an unqualified right to control the prosecution of the suit or to dismiss it at any stage of it, and his wife has no right to be heard in opposition to his right. A married woman at common law can not appoint an attorney or control any litigation independently of her husband. The exceptions to this rule exist in equity and by force of statutes and special customs. There is nothing in the papers before us to indicate that this case forms an exception to the general rule, and as the husband appears in an affidavit in opposition to his wife's motion to reinstate the cause; and in view of the further consideration that if the cause were further reinstated we should have no jurisdiction to proceed in it upon the fragment of a record which is before us, we feel bound to overrule the motion. It is so ordered. All the judges concur.