JOHN B. DUKE, Respondent, v. KANSAS CITY, FT. SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Railroads: KILLING STOCK: PRESUMPTIONS.** In the absence of direct proof upon the subject, the presumption is that an animal came upon the railway track at a point where the railway company was required to fence, but failed to do so, if the evidence shows that the animal was injured at such a point.

2. ———: ———: NON-ADJOINING OWNERS. When stock gets upon the railroad track at a point where the track runs through unenclosed lands which are not fenced, as required by law, proof that the land of the owner of the stock adjoins or is next adjoining to the railway is not essential.

3.  **Justices of the Peace :** EVIDENCE OF RIGHT TO OFFICE.  When
    the record recites that the person, before whom a cause was
    commenced, was a justice for a specified township, such recital is
    sufficient proof that such person held that office.

*Appeal from the Howell Circuit Court.*—HON. J. F.
HALE, Judge.

'AFFIRMED

   *Wallace Pratt* and *Olden & Green*, for the
appellant.

The evidence totally fails to show where the animal
got on the track.  Ramsey says he does not know
where it got on the track.  Without this proof the
plaintiff cannot recover.  *Nance v. Railroad*, 79 Mo.
196; *Jantzen v. Railroad*, 83 Mo. 171; *Wilson v. Rail-
road*, 18 Mo. App. 258; *Pearson v. Railroad*, 33 Mo.
App. 543.  There was no proof that William Young
was a justice of the peace of Willow Springs township,
or Howell county.  This is a jurisdictional fact, and
must be shown by the evidence and the transcript.  1
Greenleaf on Evidence, sec. 6; *Skipp v. Hook*, 2 Stra.
1080; *Cooper v. Barker*, 33 Mo. App. 181.  There was
no proof that plaintiff was an adjoining, or next adjoin-
ing, land-owner to defendant's right of way, or railroad
track, where it is alleged the animals strayed upon the
track and were crippled, without which a judgment
against the defendant would not be warranted.  *Ferris
v. Railroad*, 30 Mo. App. 122.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages under section 809
of the Revised Statutes of 1879, for injury to plaintiff's
ox, and the plaintiff's heifer, by the defendant's loco-
motive and cars, on the defendant's railway track at a
place where the track passes along unenclosed lands and
is not protected by a lawful fence.  The statement
recites that the ox and heifer came upon the defend-
ant's track, where it passes along unenclosed lands, and

where there was not any public highway. On trial anew in the circuit court before the judge sitting as a jury, there was a finding that the plaintiff had sustained ten dollars' damages for injury to the ox, and fifteen dollars for the injury to the heifer; and the court, doubling the damages under the statute, rendered a judgment against the defendant for fifty dollars.

I. The evidence shows that both of the animals were hurt at a point on the defendant's track, where it was not enclosed by a lawful fence, and where it passed along or between *unenclosed* lands. The presumption, therefore, is, in the absence of direct proof, that the animals got upon the track at a point, where the defendant was required by law to fence its track, but did not do so. *Jantzen v. Railroad*, 83 Mo. 171; *McGuire v. Railroad*, 23 Mo. App. 327.

II. The point, that there was no *proof* that William Young, the justice of the peace before whom the action was tried, was a justice of Willow Springs township, or of Howell county, is disposed of by the recitals in the record, which show that he was a justice of Willow Springs township and Howell county.

III. The objection, that there was no proof that the plaintiff was an adjoining, or next adjoining landowner to defendant's right of way or railway track, is disposed of by the observation that the animals were hurt where the defendant's track passed along unenclosed lands, and that there is no evidence that they came upon the track from any adjoining field. The rule laid down in *Ferris v. Railroad*, 30 Mo. App. 122, and cases there cited, has no application to the case, where the animal gets on the track at a point where it runs through unenclosed lands which are not fenced, as required by law. *Rozzelle v. Railroad*, 79 Mo. 349; *Morris v. Railroad*, 79 Mo. 367; *Emerson v. Railroad*, 35 Mo. App. 621, 630.

The judgment will be accordingly affirmed. All the judges concur.