Olin v. Zeigler.

---

BARNEY OLIN, Respondent, v. FRANK ZEIGLER, Appellant.

Kansas City Court of Appeals, June 8, 1891.

Justices' Courts: JURISDICTION : RECORD MUST SHOW FILING OF CAUSE OF ACTION. The lodging, with the justice, of the paper which is the foundation of the action is a requisite to jurisdiction, and it must by some means be made affirmatively to appear by the record, if not by a docket entry, then by the paper itself being among the original papers in the cause.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Kander & Blake*, for appellant.

(1) The court had no jurisdiction of the subject-matter of the suit, for the reason that there was no instrument sued on, or a statement of the account, or a statement of the facts constituting the cause of action upon which the suit is founded, filed before process was issued in this suit. R. S. 1889, sec. 6138; *Peddicord v. Railroad*, 85 Mo. 160–162; *Pattison v. Lutz*, 1 Mo. App. 133–135; *Barr v. Blomberg*, 37 Mo. App. 605, 608. And plaintiff did not offer to file the basis of his cause of action in the circuit court, but offered it only in evidence at the trial. (2) To constitute the filing of pleadings or papers in a case, the pleading or instrument must be delivered to the court or officer and left with him, and by him lodged in his office. An intending plaintiff cannot, by merely exhibiting a pleading or paper to a court or officer, and then carrying the same away with him, contend that such pleading or paper is filed with such court or officer. *Baker v. Henry*, 63 Mo. 515–517. (3) And the transcript of the record of the justice who issued the process shows no filing of any instrument sued on, account or cause of action. To allow the justice now by his affidavit or otherwise to attach or file an instrument or account, would be to allow him to amend his record after the cause had been taken from him. In this case it would be more than an amendment, it would be permitting him to file *nunc pro tunc* the basis of his jurisdiction after the case had been taken from him and once tried. *Horton v. Railroad*, 21 Mo. App. 147, 148; *Norton v. Porter*, .63 Mo. 345, 346. There is no evidence that the duebill or any other paper or pleading was ever filed. (4) The justice shall, among other entries in his docket, enter "a brief statement of the nature of the plaintiff's demand, and

the amount or description and value of the property claimed," etc. R. S. 1889, sec. 6131.

*I. J. Ringolsky,* for respondent.

(1) The circuit court found as a matter of fact that the duebill referred to in the evidence, and in the affidavit of Thomas King, was filed by the respondent at the time this cause was commenced as a foundation for the same, and as the instrument sued on. This finding of the circuit court is conclusive on the appellate court, unless appellant can show from the evidence produced below that the finding of the court in this matter was wrong in point of fact. *Fitzpatrick v. Railroad,* 34 Mo. App. 280–284. (2) If the facts as stated in the affidavit of Thomas King are true, and the duebill, a copy of which is embodied in his affidavit, and which is the same as the duebill introduced in evidence, then the justice and the circuit court both had jurisdiction, for the instrument sued on was "filed" at the time of issuing the attachment; and furthermore the justice must be presumed to have done his duty, and issued the process according to law. If as the court found, the instrument offered in evidence was filed at the time of getting out the attachment, it was considered as filed when in the circuit court, and there was no occasion for filing it a second time. As to what constitutes a filing, see: *Baker v. Henry,* 63 Mo. 517–519; *Bensley v. Haeberle,* 20 Mo. App. 648; *Crubbs v. Cones,* 57 Mo. 83. (3) Even if no instrument was filed at all at the time suit was brought, this would not justify a dismissal because the instrument was tendered to R. H. Mayberry, justice of the peace, as will be seen from his transcript on page 3 of record, before the trial was commenced before him. R. S. 1889, secs. 6139–6242. (4) As to whether this duebill was filed, and was the same instrument which had been filed with the justice at the time the suit was commenced, it was the duty of the

circuit court to determine, as a preliminary question to the reception of the paper in evidence, and on appeal it must be presumed in support of the action of the circuit court in the absence of evidence to the contrary that the court determined rightly. *Fitzpatrick v. Railroad*, 34 Mo. App. 280–284.

ELLISON, J.—This action is founded on a duebill for $100, which is alleged to have been filed with Thomas King, a justice of the peace. The transcript of the justice does not show that the duebill or other statement of a cause of action was filed or lodged with the justice, though it does show that he issued process. A change of venue was taken from Justice King to Justice Mayberry, where defendant moved to dismiss for want of jurisdiction in the justice—no instrument or other foundation of the suit having been filed with King. Whereupon plaintiff asked leave to file a certain duebill as constituting plaintiff's cause of action. This motion was sustained, and plaintiff appealed to the circuit court, where plaintiff had judgment, and defendant brings the case here. In the circuit court objection was made to the following affidavit of Justice King, the objection being overruled :

"Thomas King, being first duly sworn upon his oath, says, that he is the justice of the peace, in and for Kaw township, Jackson county, Missouri ; that, on the nineteenth day of December, 1889, Barney Olin, the plaintiff in the above-entitled cause, called at my office and delivered, and I filed with me as the basis of an attachment suit, a duebill, together with an affidavit and bond, which said due bill was for the sum of $100, and is in words and figures as follows : * * * Said duebill so filed with me is hereto attached and made a part hereof; that, at the time the affidavit and attachment bond was given me and signed, the said Barney Olin delivered to me the said duebill, which is now in his possession, or in the possession of his attorney ;

that said duebill was not marked filed by me by over-
sight and mistake, and that through mistake, inad-
vertence or oversight the said duebill was carried off
by said Barney Olin, and the same was not seen by me
again until presented to R. H. Mayberry, a justice of
the peace, to whom the above-entitled cause was sent
by me, on a change of venue, and to whom the plain-
tiff's attorney offered this duebill, which was filed
with me and asked that the same be made a part of the
transcript sent by me to said R. H. Mayberry, and at
the time the said duebill was presented to said R. H.
Mayberry, I marked the same filed as of former date."
"[ Signed ]          Thomas King,
                         " Justice of the Peace."

A justice of the peace court being an inferior court
of limited jurisdiction, the record should affirmatively
show such jurisdiction. So, the record here should
show the filing of the duebill, which was the founda-
tion of the action. *McQuoid v. Lamb*, 19 Mo. App.
153 ; *Gideon v. Hughes*, 21 Mo. App. 528. It is not nec-
essary that the instrument should have a filing indorsed
thereon, but it should be lodged with the justice
whether the filing be indorsed or not. And that it
has been lodged with the justice should appear from
the record. A statement of the filing or lodging may,
perhaps, be omitted from the justice's docket, but, in
such case, the paper itself should then necessarily be
among the original papers in the cause in order that
jurisdiction may affirmatively appear. The lodging of
the paper, which is the foundation of the action, is a
requisite to jurisdiction, and it must by some means be
made to appear by the record. It does not so appear
here. No mention is made of it in the transcript of the
justice who issued the process, nor was it identified
when offered in the justice court where the cause was
sent on change of venue. The offer before the second
justice is as though it was an original filing with him,

and not as having been filed with the first justice.
It appears from King's affidavit that the plaintiff
delivered it to him when he issued the process, but
took it off again and kept it, and, so far as the record
shows, has it yet. It has not yet been filed or lodged
in any court.

We will reverse the judgment and dismiss the
cause. All concur.