JOHN CARROLL, Respondent, v. THOMAS J. HANCOCK, Appellant.

### Kansas City Court of Appeals, March 26, 1894.

1. **Justices' Court:** REPLEVIN: JUDGMENT. In an action of replevin before a justice, where the defendant gives bond and retains the property, the jury or justice, if the finding is for plaintiff, should find the value of the property, and judgment should be entered therefor.

2. ———: APPEAL: CORRECTING JUDGMENT. On appeal from the justice the circuit court becomes possessed of the cause and can only correct the judgment of the justice by a trial *de novo*, and has no power to vacate the judgment of the justice.

3. ———: REPLEVIN: STATUTE. Article 9, chapter 94, Revised Statutes, 1889, applies with equal force to all the various kinds of actions named in the chapter, including replevin.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Ed. T. Miller* and *Crawley & Son* for appellant.

(1) Section 6186, Revised Statutes, 1889, governing practice in justice courts in cases where defendant in replevin gives bond and retains the property, is mandatory. In this instance the value of the property was not found by the jury or adjudged by the justice, yet the judgement was not for that reason void, but

only voidable, and the only remedy was by appeal to the circuit court, where on motion of appellant said judgment of the justice should have been vacated. The refusal of the circuit court to do so was error: *Robbins v. Foster*, 20 Mo. App. 519; *State ex rel. v. Dunn*, 60 Mo. 64; *Sweeney v. Lomme*, 22 Wall. 208. (2) If, as held by these cases, a judgment which fails to find the value of the property in a replevin suit is voidable, and the proper course to have it voided is an appeal, then we submit, when that course is followed by the losing party, his motion to vacate such voidable judgment should be sustained, without driving him to a trial *de novo*. Such a judgment of a justice might as well be called unvoidable as voidable, if the only way to get rid of it is to satisfy it, or try the case over again on appeal; its effect upon the losing party being precisely the same, whether it be called one or the other.

*R. C. Ford* and *O. F. Smith* for respondent.

The case being before the circuit court for trial *de novo* on appeal, appellant's motion to vacate the judgment was properly overruled. It was the duty of the circuit court to proceed to hear, try and determine the cause anew, without regarding any error, defect, or other imperfections in the proceedings or judgment of the justice. R. S. 1889, sec. 6339; *Williamson v. Railroad*, 25 Mo. App. 481: *Matlock v. King*, 23 Mo. 400; *Dowdy v. Wamble*, 41 Mo. App. 573; *Dowdy v. Wamble*, 110 Mo. 280. The defects in the judgment of the justice are not fatal. The failure to do all the statute required "did not make void what it did do." *Robbins v. Foster*, 20 Mo. App. 519; *Schaffer v. Foldweisch*, 16 Mo. 337. No distinction is made in the statute between actions of replevin, and proceedings

in ordinary cases.   The same rule is applicable to all cases of appeal from justices of the peace.   *Dowdy v. Wamble*, 41 Mo.   App. 573.

SMITH, P. J.—This is an action of replevin commenced before a justice of the peace to recover "one male Berkshire hog" valued at $7.   The constable under the writ took the property into his possession and afterwards delivered it back to defendant who was permitted to retain the same upon the execution of a bond with good and sufficient sureties, approved by the constable, conditioned as required by the statute in such cases.

At the trial before the justice, the jury returned a verdict finding that the plaintiff was entitled to the possession of the hog.   There was no finding of the value thereof as there ought to have been.   The justice rendered judgment against the defendant accordingly.

The defendant appealed to the circuit court where he filed a motion to vacate the judgment of the justice because of the imperfection just mentioned.   This motion being by the court overruled, the defendant refused to further appear to the action.   Afterwards the cause was submitted to the court by plaintiff which resulted in judgment in his favor, to reverse which the defendant prosecutes this appeal.

The defendant assails the judgment on the ground mainly that the trial court erred in its action overruling his motion to vacate the judgment of the justice. Section 6186, Revised Statutes, provides that, if the defendant has given bond for the delivery of the property and retained the same and the finding shall be for the plaintiff, the justice or jury shall assess the value of the property and the damages for all injuries thereto and for the taking and detention, or detention thereof, and the judgment shall be against defendant

and his sureties that the defendant return and deliver the property or pay the assessed value thereof at the election of plaintiff, and that plaintiff recover the damages so assessed. R. S., sec. 6186. While the verdict and judgment complained of did not meet the full requirement of the statute, as is seen, still the judgment was not on account thereof void. *Robbins v. Foster*, 20 Mo. App. 519; *State v. Dunn*, 60 Mo. 64.

If the defendant was aggrieved by the judgment so rendered by the justice, the right of appeal was given him by the statute. R. S., sec. 6327. This right he exercised in conformity to its provisions. It provides a method by which a party aggrieved by a judgment of a justice may have a new trial in the appellate court.

When a cause by appeal reaches that court it becomes thereby invested with jurisdiction over it and is authorized to proceed, hear, try and determine the same anew without regard to any error, defect or other imperfection in the original summons or the service thereof, or in the trial, judgment, or other proceedings of the justice or constable in relation thereto. R. S., sec. 6339. Thus it seems that, when the appellate court thus acquires jurisdiction of the cause, it is required to hear and determine the same just as it does in those cases over which it exercised original jurisdiction. The statutory mandate is that no regard is to be paid in such trial *de novo* to any defect or error occurring in the judgment or other proceedings before the justice.

The provisions of article 9, chapter 94, Revised Statutes, apply with equal force to the various kinds of actions named in the chapter. There is nothing in any of these statutory provisions, excepting the action of replevin, out of their operation. *Dowdy v. Wamble*, 110 Mo. 280, strengthens this view, for there it was

expressly ruled that the provisions of section 6347 of that chapter, were applicable to the action of replevin. The acquisition of jurisdiction by the circuit court of the cause under the statute by reason of the appeal did not, as we think, confer jurisdiction to correct the error or defect in the judgment of the justice, except by trial *de novo*. Suppose the circuit court had vacated the judgment of the justice on the motion of the defendant, what would have been the result? The plaintiff would have then had no judgment by the justice and the circuit court having no power to remand the cause to the justice for further proceedings, nor, as defendant contends, to try the cause *de novo*, the plaintiff would have been left in a position where he could neither advance nor recede. The law provides no such snare for those who seek its aid. A construction of the statute that would lead to such absurd consequences cannot be adopted.

As the circuit court, in our opinion, did not err in its action refusing to vacate the justice's judgment, it necessarily follows that it had jurisdiction to try and determine the cause anew.

It results that the judgment must be affirmed. All concur.