THE STATE OF MISSOURI, Defendants in Error, v. PERRY COWDON, Plaintiff in Error.

Kansas City Court of Appeals, November 5, 1900.

Criminal Procedure: JURISDICTION: APPEAL FROM THE JUS-TICE: TRANSCRIPT. On an appeal from the justice of the peace in a criminal cause, the transcript must show that the justice had jurisdiction of the cause, and that the appeal was granted in reg-lar form, otherwise the circuit court acquires no jurisdiction and its proceedings are void.

Error to the Boone Circuit Court.—*Hon. J. A. Hockaday,* Judge.

REVERSED.

*N. T. Gentry* for plaintiff in error.

The trial court erred in not sustaining defendant's motion to dismiss this cause; as the record before that court showed that there was no jurisdiction, and the record before this court shows that there was no jurisdiction. Nothing will be presumed to be within the jurisdiction of an inferior court except what the record specially shows; and no presumptions are to be indulged in favor of their actions. Jurisdiction of inferior tribunals must appear by some part of the record of their proceedings. Bank v. Doak, 75 Mo. App. 332; State v. Schneider, 47 Mo. App. 669; State ex rel. v. County Court, 66 Mo. App. 96; Rousey v. Wood, 57 Mo. App. 650; Corrigan v. Morris, 43 Mo. App. 456; Hawes on Jur., p. 257; Freeman on Judgm., sec. 517; Gideon v. Hughes, 21 Mo. App. 528.

*J. H. Murry* for defendant in error.

There is no force in defendant's objection that the transcript sent up by the justice was not signed. The transcript showed every jurisdiction fact, and was duly signed and certified in the usual way.

ELLISON, J.—The defendant was prosecuted by information before a justice of the peace of Boone county for pettit larceny. He was convicted in that court and appealed to the circuit court of that county. He was again convicted and has appealed to this court.

He filed a motion in the circuit court to dismiss the cause for the reason that that court had no jurisdiction. The motion was overruled. The grounds of the motion were that there was no transcript from the justice filed with the circuit court.

Since it was not pretended that defendant was under a charge originating in the circuit court its derivative jurisdiction should be made to appear by a proper transcript from the inferior court showing the origin of the case and such further matter as would confer authority upon the court to which it has been taken to try it anew. The transcript filed in this court on this appeal fails to show any transcript whatever from the justice of the peace. The only record entry on the subject of this case in the circuit court in this respect, is the following, made in vacation:

"Now on this, the thirty-first day of May, 1899, comes the defendant by his attorney and files his appeal from the justice's court in this cause." The only other reference in the whole record to a justice of the peace court is the marginal venue to the information as follows: "In the justices court of W. S. Pratt, J. P. for Columbia township, Boone county, Missouri." There is nothing to show any proceedings begun before a justice or that there was a trial.

Gideon v. Hughes, 21 Mo. App. 528. Indeed, the case in the circuit court, so far as the record here shows, was wholly without support.

The judgment will be reversed. All concur.