STATE ex rel. SOUTH ST. JOSEPH TOWN CO., Relator, v. CHESLEY A. MOSMAN, Circuit Judge, etc., Respondent.

Kansas City Court of Appeals, May 8, 1905.

1. MANDAMUS: Circuit Judge: Return. Though a circuit judge may have dismissed a cause for a given reason he is not precluded when making return to a mandamus to redocket and proceed with the cause from adding other and different reasons, but it is his duty to the upper court to apprise it of any lawful reason for withholding the application of the extraordinary remedy sought.

2. JUSTICES' COURTS: Jurisdiction: Excess Judgment: Appeal. The jurisdiction of a circuit court on appeal from a justice is not based upon the judgment or any other judicial act but is derived from the power of the justice to hear and determine the issues originally presented to him, and so appeals lie from void judgments, and the subject-matter confers the jurisdiction on the justice which passes to the circuit court where the cause is tried *de novo*.

3. ———: Record: Jurisdiction. In a proceeding in a justice's court the record should affirmatively show the jurisdiction, but such requirement is satisfied by a recital "before F, a duly qualified and acting justice of the peace in and for," etc.

4. ———: Dividing Township into Districts: Statutory Construction. Section 3805, Revised Statutes 1899, is confined to townships, which, at the time of its passage and before 1890, had within them cities of one hundred thousand or over and has no application to a township in which the city has acquired such a population since that year.

5. MANDAMUS: Circuit Judge: Appeal from Justice of the Peace: Adequate Remedy. The circuit court dismissed an appeal from a justice of the peace because the latter had no jurisdiction of the cause. *Held*, that the plaintiff had an adequate and exclusive remedy by appeal and mandamus would not lie to compel the circuit judge to redocket the cause and proceed therein, since he had exercised his judicial function in dismissing it.

State ex rel. v. Mosman.

## Original Proceeding in Mandamus.

WRIT DENIED.

*Kendall B. Randolph* for relator.

(1) Jurisdiction over the subject-matter is defined by all courts of last resort and law-writers to be "the power inherent in the court to hear and determine a given class of cases." The jurisdiction of the court over the subject-matter is determined by the pleadings. Dowdy v. Wamble, 110 Mo. 280; Babb v. Bruere, 23 Mo. App. 604; State ex rel. v. Smith, 104 Mo. 419. (2) It was the duty of the circuit court on appeal to proceed to try the case *de novo*, without regard to any defects in the judgment. R. S. 1899, sec. 4071; Carroll v. Hancock, 57 Mo. App. 228; Holzhour v. Meer, 59 Mo. 434. The judgment of a justice of the peace is vacated by an appeal to the circuit court. Turner v. Northcut, 9 Mo. 251; Lee v. Kaiser, 80 Mo. 431; Sublette v. Railway, 96 Mo. App. 121 and 122; Earl v. Hart, 89 Mo. 263. (3) A judgment for rent, if in excess of the jurisdiction of a justice of the peace, should not be rendered, but only a judgment for restitution should be given. But if a judgment for rent is given in excess of the justice's jurisdiction it is simply void as to rent, and a writ of restitution may issue on the judgment without embodying in the writ the judgment for rent. State ex rel. v. Rainey, 99 Mo. App. 218; R. S. 1899, secs. 4130, 4131, 4132, 4133. (4) The rendition of an excessive judgment does not go to the jurisdiction. January v. Stevenson, 2 Mo. App. 266; Simpson v. Watson, 15 Mo. App. 431, par. 2; Com. Co. v. Gilliland & Hamlin, 98 Mo. App. 584; Sullivan v. Lueck, 105 Mo. App. 199. There is a broad distinction between a total want of jurisdiction and an erroneous exercise of jurisdiction. Gazollo v. McCann, 63 Mo. App. 1. c. 420; Henks v. Debertshauser, 1 Mo. App. 402; Shanklin

v. Francis, 67 Mo. App. 1. c. 465; State ex rel. v. Dearing, 180 Mo. 63, 64. (5) Where the circuit court wrongfully refuses to hear and determine a cause the remedy is by mandamus against the judge. State ex rel. v. Neville, 157 Mo. 386; Nichols v. Court, 1 Mo. 357; Costello v. Court, 28 Mo. 259; State ex rel. v. Court, 73 Mo. 560; State ex rel. v. Laughlin, 75 Mo. 358. (6) The question raised by respondent by the third paragraph of his demurrer is not raised, nor fairly deducible from the record. That point was not raised in the motion to dismiss, and in no manner entered into the consideration upon which the respondent held that he was without jurisdiction of the subject-matter, and was in no manner under consideration when the alternative writ of mandamus in this case was prepared and issued.

*Woodson & Woodson* for respondent.

(1) The alternate writ of mandamus does not state facts sufficient to constitute a cause of action against this respondent, because relator, even if aggrieved by the judgment and decision of the circuit court in dismissing its case, had, and at the time of the filing of the demurrer in this case still has, a perfect remedy by appeal from said judgment to this court, and for that reason it is not entitled to the extraordinary remedy of mandamus. Ayers v. Lattimer, 57 Mo. App. 80; Williams v. Judge, 27 Mo. 225; State ex rel. v. Newman, 91 Mo. 445; State ex rel. v. Smith,104 Mo. 661; High's Extraordinary Legal Remedies (3 Ed.), section 188; Fidelity Co. v. Feed Co., 100 Mo. App. 724; State ex rel. v. Tolle, 71 Mo. 645; R. S. 1899, p. 766. (2) The dismissal of the case by the circuit court was a final determination of the right of the parties to the action, so far as that court was concerned. State ex rel. v. Klein, 140 Mo. 1. c. 510; Gale v. Mickie, 47 Mo. 326; State ex rel. v. Horner, 16 Mo. App. 191. (3) The justice of the peace had no jurisdiction

to render a judgment for three hundred and twelve dollars in the original action between the town company and the defendant Scott, between whom the relation of landlord and tenant existed. R. S. 1899, sec. 3836; R. S. 1899, sec. 4133; January v. Stephenson, 2 Mo. App. 266. (4) On the face of the transcript of the proceedings in said cause, it therefore affirmatively appeared that the judgment of the justice was for an amount in excess of the jurisdiction of the justice of the peace, and said judgment was therefore void. York v. Roberts, 8 Mo. App. 140; Planing Mill v. Short, 58 Mo. App. 320. (5) As the justice had no jurisdiction to render a judgment for three hundred and twelve dollars the circuit court could acquire none by appeal. Planing Mill v. Short, 58 Mo. App. 320; Reinhardt v. Kempf, 72 Mo. App. 650; Bachellor v. Best, 22 Mo. 403; Webb v. Tweedy, 30 Mo. 491; Bank v. Doak, 75 Mo. App. 336; Brownfield v. Thompson, 96 Mo. App. 342, 343; Rankin v. Farley, 29 Mo. App. 594; Com. Co. v. Gilleland, 98 Mo. App. 588, 589; Icenberg v. Ass'n, 70 Mo. App. 438; Dillard v. Railway, 58 Mo. 69; Smith v. Jacobs, 77 Mo. App. 254. (6) The third ground stated in the demurrer should be sustained, because there is no allegation in the alternative writ, nor in the statement filed with the justice of the peace before whom the suit was instituted, that the property sued for was situated in the ward or district of said justice. This is a jurisdictional fact, and its ommission is fatal. R. S. 1899, sec. 4131. While we have not been able to find a case where this particular statute has been construed, yet the books are full of cases construing similar statutes. Burns v. Lidwell, 6 Mo. App. 192; Clarkson v. Guernsey Co., 22 Mo. App. 109; Backenstoe v. Railway, 23 Mo. App. 148; Hausberger v. Railway, 43 Mo. 196; Barnett v. Railway, 68 Mo. 56; Porter v. Railway, 66 Mo. App. 623. (7) This court will take judicial notice of the fact that the city of St. Joseph has more than one hundred thousand

inhabitants, as shown by the United States census for the year 1900. State ex rel. v. Court, 89 Mo. 237; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Macon Co., 128 Mo. 427; Dume v. Cable Co., 131 Mo. 1. (8) A justice of the peace holds an inferior court of limited jurisdiction and the record must show affirmatively that he had jurisdiction. Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Olin v. Zeigler, 46 Mo. App. 193; Wise v. Loring, 54 Mo. App. loc. cit. 265; Corrigan v. Morris, 43 Mo. App. 456. (9) Besides all this, there is no pretence, nor will counsel contend that the county court has ever established the districts required to be established by section 3805, supra, or that any justices of the peace have ever been elected from such districts as required by that section of the statute. This exact point was decided in the case of Ayres v. Lattimer, 57 Mo. App. 78.

JOHNSON, J.—This is an original proceeding for a writ of mandamus to compel the respondent, a judge of the circuit court of Buchanan county, to reinstate upon his docket and to hear and determine a cause dismissed by him. An alternative writ was issued by one of the judges of this court and the case is before us upon the issues presented by this writ and respondent's demurrer thereto.

The facts are as follows: On June 3, 1904, the relator brought an action against Charles Scott, as its tenant, for possession of the rented premises situated in the city of St. Joseph and to recover judgment for unpaid rent amounting to $262.50 which had accrued previously at the rate of $25 per month. The suit was begun before John Flournoy, a justice of the peace within and for Washington township in said county. Defendant, duly served with process, appeared and upon his application a change of venue was awarded and the cause sent to Joseph N. Walker, another justice in

the same township. An answer was then filed by
defendant, and under the claim that the facts therein
alleged presented an issue involving the title to the real
estate, the cause was certified by the justice to the circuit
court; but, afterwards, was remanded upon the finding
that such title was not in issue and that jurisdiction was
vested in the justice to try the issues joined. When the
cause came on for trial defendant failed to appear and
judgment was entered in favor of plaintiff in the sum of
$312, the amount of rent then delinquent, and for resti-
tution of the premises. From this judgment defendant
appealed to the circuit court, giving the statutory bond.
In the circuit court he filed a motion to dismiss the
cause which, among others, contained the ground that
the money judgment rendered by the justice being for a
greater sum than three hundred dollars was in excess of
jurisdiction. Upon consideration of this motion the
court entered a final judgment dismissing the case and
caused his action to be set out in the record as follows:
" . . . . said motion coming on to be heard,
the same was taken up and considered and the same was
overruled as to all of the grounds therein stated except
that the judgment was void because for an amount in
excess of the jurisdiction of a justice of the peace."

There is no charge of waste nor irreparable damage,
nor of insolvency of defendant, but this proceeding is
based upon the theory that under the landlord and ten-
ant law, relator is entitled to a speedy trial, and as the
trial court refused to take cognizance of a cause falling
within its jurisdiction, the remedy of appeal is insuf-
ficient to meet the exigencies of the case.

Respondent in his demurrer attacks relator's right
to relief upon the following points: First, the judgment
rendered by the justice is void, being in excess of juris-
diction; and as the power of the circuit court in appeal-
ed cases is derivative, an appeal from a void judgment

will not confer jurisdiction. Second, the court in which the suit originated was not legally constituted and, therefore, jurisdiction over the cause at no time was obtained. Third, the relator has a perfect remedy by appeal, and is not entitled to extraordinary relief.

It is suggested that respondent in interposing the second defense is overstepping the limits of judicial propriety because the point therein made was not considered by him in his ruling upon the motion to dismiss, and his action in urging it here savors of partisanship and indicates a purpose to defeat relator's rights, rather than a desire to aid in the accomplishment of justice in a controversy in which his sole interest is that of a judicial officer. We do not think respondent's conduct deserves animadversion in such respect. On the other hand, as we are being called upon to issue a peremptory mandate to correct a claimed abuse of power, it is respondent's duty to apprise us of any lawful reason for withholding the application of the extraordinary remedy sought. We could not act advisedly in cases of this character if a respondent because of his office should be held bound by rules of ethics to abstain from presenting legitimate defenses.

In dismissing the cause for lack of jurisdiction, respondent acted under the assumption that the excess in the money recovery allowed by the justice infected with invalidity the judgment in its entirety and that the authority of the circuit court, as an appellate tribunal, being derivative, originates in the judgment rendered by the inferior court; from which premise follows the deduction that a judgment void for exceeding the limits of the original jurisdiction is inoperative for any purpose and cannot furnish a basis for action upon appeal. We will adopt for argument, without so deciding respondent's view, that the judgment of the justice was void; but we cannot follow the process of reasoning that resulted in the action taken. It is the rule—gen-

erally recognized—that with respect to actions originating in inferior courts an appeal will lie from a void judgment. [Smith v. Jacobs, 77 Mo. App. 254; State v. Geiger, 45 Mo. App. 111.] In such cases the jurisdiction of the circuit court is derived not from the character of the judgment rendered, but from the initial authority conferred upon the inferior court to hear and determine the cause. [Walter v. Gilleland, 98 Mo. App. 584; Simpson v. Watson, 15 Mo. App. 431.] The law requires the circuit court to hear the cause anew, not to act as a reviewing tribunal. The appeal vacates the judgment and reverts the parties to the position they occupied when jurisdiction over the subject-matter and parties was first obtained. [R. S. 1899, section 4071; Carroll v. Hancock, 57 Mo. App. 228; Holzhour v. Meer, 59 Mo. 434; Sublette v. Railway, 96 Mo. App. 121.]

Therefore, the authority of the circuit court is not based upon the judgment rendered by the inferior court, nor upon any of its judicial acts, but is derived from the power it possessed to hear and determine the issues presented. When, as in the case before us, the subject matter of the demand sued upon is one falling under the cognizance of the justice, and the parties are legally brought into court, the jurisdiction to proceed to final judgment is complete, and upon appeal passes to the circuit court unimpaired by the acts of the inferior court. [Dowdy v. Wamble, 110 Mo. 280; Babb v. Bruere, 23 Mo. App. 604; Batchelor v. Bess, 22 Mo. 402.] The case of Williams v. Monroe, 125 Mo. 574, much relied upon by respondent, in no manner militates against this view. In that case, it will be noted the defendants were not brought into court in the manner provided by law; and in the opinion the Supreme Court said, "we are not dealing with a defective execution of a lawful authority but with a proceeding unauthorized by law." Here, we are dealing with a proceeding authorized by law, for the justice had full power to render a lawful judgment. And in

the case of Windsor v. McVeigh, 93 U. S. 274, cited with approval in Williams v. Monroe, supra, the defendant was not made a party within the meaning of the law. He was served with notice and appeared, but was denied the right to be heard because of his rebellion against the authority of the Federal government. The court said: "The legal effect of striking out his appearance was to recall the monition and notice as to him." And the judgment was held to be void as rendered against a defendant who had not his day in court. We freely concede the soundness of the doctrine enunciated in these two cases; and here, if it appeared that the defendant had not been brought into court or had been denied a hearing, or that the justice had no jurisdiction of the subject-matter of the action, we would not hesitate to say that the jurisdiction derived by the circuit court was confined to the power to dismiss the cause. Neither reason nor authority justifies turning out of court a plaintiff who has properly brought his suit upon the ground that the justice in the progress of the case has exceeded his jurisdiction. The learned trial judge erred in dismissing the case without affording a hearing upon the merits.

Respondent's contention that no legally constituted office of justice of the peace is shown to exist by the record is based upon his construction of section 3805, R. S. It appears that the action was commenced before John A. Flournoy, "a duly qualified and acting justice of the peace in and for Washington township, Buchanan county, Missouri; " and while it is true, the record here must show affirmatively the jurisdiction of the inferior court (Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Olin v. Zeigler, 46 Mo. App. 193) such requirement is satisfied by the record recital above noted. [Duke v. Railway Co., 39 Mo. App. 105; Kinion v. Railway Co., 39 Mo. App. 387.]

But respondent insists that under the provisions of section 3805, Washington township, including as it does

a city of more than one hundred thousand inhabitants, should have been divided into districts by the county court, each one comprising the territorial jurisdiction of a justice of the peace. It is conceded that such action has not been taken, and that each of the justices of the peace in Washington township has been elected to exercise jurisdiction within the township. It also is conceded that the city of St. Joseph, situated within that township, contains, according to the census of 1900, more than one hundred thousand inhabitants, and that in the year 1890 it contained far less than that number.

The determination of one question disposes of this branch of the case. An analysis of the language of the statute leaves no room for doubt that it was the purpose of the Legislature to confine the operation of the provisions relating to townships containing a city of more than one hundred thousand inhabitants to such as existed on the first day of March, 1890, and not to those falling within that class thereafter. The word "hereafter" used in the statute, upon which so much stress is laid by respondent, obviously refers to townships which might grow into the class between the date of the enactment and March 1, 1890. The situation which obtained at the latter date evidently was intended to be taken as a fixed condition. Under this view, we must hold that the office of justice of the peace within and for Washington township is legally constituted.

But we are of the opinion that the extraordinary remedy here invoked should be denied, for the reason that relator has an adequate—in fact, an exclusive remedy—under ordinary procedure. Relator assumes a false premise in the conclusion that respondent has refused to entertain any jurisdiction over the appealed case. To the contrary, respondent did assume authority to dispose of it, heard the motion to dismiss, acted upon it, and entered a final judgment from which an appeal could have been prosecuted. Nowhere did he overstep

the bounds of his jurisdiction, and all of his acts were judicial in their character. Relator confounds his case with that class wherein the trial judge wrongfully refuses to entertain any jurisdiction, or to make a final order from which appeal will lie. But no authority has been brought to our attention sustaining the view that when a trial judge has entered a final judgment, not in excess of jurisdiction but as a result of a mistaken idea that he is without authority to proceed further, the appellate court should employ remedial process to correct his error. Whenever the actions of the trial court are found to be within the scope of lawful authority, and to be such as are denominated judicial, error must be remedied through the usual procedure. The opposite practice would be inimical to the orderly administration of justice, and would serve to lessen respect for the courts. Corrective actions brought against judicial officers involve the idea of transgression and should not be resorted to for the sole purpose of obtaining a speedy hearing nor for the correction of mere errors. Judicial excesses, devoid of adequate legal remedy, alone would justify the application of the remedy here sought.

The peremptory writ is denied. All concur.