SOUTH ST. JOSEPH TOWN COMPANY, Plaintiff in Error, v. CHARLES H. SCOTT, Defendant in Error.

**Kansas City Court of Appeals, December 4, 1905.**

1. **JUSTICES' COURTS: Landlord and Tenant: Landlord's Summons: Void Judgment: Jurisdiction.** The fact that the judgment of the justice may be void does not authorize the circuit court to dismiss an appeal, neither will a judgment exceeding the jurisdiction warrant a dismissal, and the judgment for possession is good even though the judgment for rent is void.

2. **LANDLORD AND TENANT: Landlord's Summons: Affidavit: Corporation Agent.** An affidavit to a landlord's statement for possession of the property and to recover the rent, which is set out in the opinion, is held substantially sufficient, and the complaint that the oath is made by the corporation and not by the agent taking it is technical.

3. **JUSTICES' COURTS: Title to Real Estate: Circuit Court: Judge: Statute.** The judge of the circuit court may, under the statute, remand a cause certified to the justice for trial where it has been certified by the justice on the ground that title to real estate is involved.

Error to Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

REVERSED AND REMANDED (*with directions*).

*Kendall B. Randolph* for plaintiff in error.

(1) The court erred in sustaining the defendant's motion to dismiss. (2) Jurisdiction over the subject-matter is defined by all courts of last resort and law-writers to be "the power inherent in the court to hear and determine a given class of cases." The jurisdiction of the court over the subject-matter is determined by the

pleadings. Dowdy v. Wamble, 110 Mo. 280; Babb v. Bruere, 23 Mo. App. 604; State ex rel. v. Smith, 104 Mo. 419. (3) It was the duty of the circuit court on appeal to proceed to try the case *de novo*, without regard to any defects in the judgment. R. S. 1899, sec. 4071; Carroll v. Hancock, 57 Mo. App. 228; Holzhour v. Meer, 59 Mo. 434. The judgment of a justice of the peace is vacated by an appeal to the circuit court. Turner v. Northcut, 9 Mo. 251; Lee v. Kaiser, 80 Mo. 431; Sublette v. Railway, 96 Mo. App. 1. c. 121; Earl v. Hart, 89 Mo. 263; State ex rel. v. Mosman, 112 Mo. App. 540. (4) A judgment for rent, if in excess of the jurisdiction of a justice of the peace, should not be rendered, but only a judgment for restitution should be given. But if a judgment for rent is given in excess of the justice's jurisdiction it is simply void as to rent, and a writ of restitution may issue on the judgment without embodying in the writ the judgment for rent. State ex rel. v. Rainey, 99 Mo. App. 218; R. S. 1899, secs. 4130, 4131, 4132, 4133. (5) The rendition of an excessive judgment does not go to the jurisdiction. January v. Stevenson, 2 Mo. App. 266; Simpson v. Watson, 15 Mo. App. 1. c. 431; Com. Co. v. Gilliland & Hamlin, 98 Mo. App. 584; Sullivan v. Lueck, 105 Mo. App. 199. (6) There is a broad distinction between a total want of jurisdiction and an erroneous exercise of jurisdiction. Gazollo v. McCann, 63 Mo. App. 420; Henks v. Debertshauser, 1 Mo. App. 402; Shanklin v. Francis, 67 Mo. App. 465; State ex rel. v. Dearing, 189 Mo. 63; sec. 4071, R. S. 1899.

*Allen, Nichols & Neville* and *W. B. Pistole* for defendant in error.

(1) The court properly sustained the defendant's motion to dismiss plaintiff's suit for the following reasons: (a) The justice of the peace had no jurisdiction to render a judgment for $312. R. S. 1899, sec. 3836;

115 app—2

R. S. 1899, sec. 4133; January v. Stephenson, 2 Mo. App. 266; Webb v. Tweedie, 30 Mo. 488; Dillard v. Railroad, 58 Mo. 69. (b) It therefore appears on the face of the transcript that the judgment of the justice was void for lack of jurisdiction. York v. Roberts, 8 Mo. App. 140; Planing Mill v. Short, 58 Mo. App. 320. (c) If the justice had no jurisdiction to render judgment for $312, the circuit court can have none by appeal. Planing Mill v. Short, 58 Mo. App. 320; Reinhardt v. Kempf, 72 Mo. App. 650; Batchellor v. Best, 22 Mo. 403; Webb v. Tweedie, 30 Mo. 491; Bank v. Doak, 75 Mo. App. 336; Bromfield v. Thompson, 96 Mo. App. 342-3; Com. Co. v. Gilleland, 98 Mo. App. 588. (d) Under the circumstances the dismissal of the cause was the proper practice. Dillard v. Railway, 58 Mo. 69; Smith v. Jacobs, 77 Mo. App. 254; Webb v. Tweedie, 30 Mo. 491; Reinhardt v. Kempf, 72 Mo. App. 650. (2) Any question showing lack of jurisdiction may be raised for the first time in the appellate court. The defendant in error will not be limited to the reasons set forth in his motion in the circuit court, but can urge any other reasons suggested by the record why said cause should have been dismissed. Dillard v. Railroad, 58 Mo. 74; Seeser v. Southwick, 66 Mo. App. 671.

BROADDUS, P. J.—In June, 1904, plaintiff in error instituted this suit before a justice of the peace of Buchanan county against defendant as its tenant, for the possession of certain premises situated in St. Joseph, Missouri, and for judgment against him for rent past due in the sum of $262.50. After a change of venue to another justice, the cause was tried, and plaintiff in error recovered judgment for possession of the premises, and for $312 for its debt, from which defendant appealed. While the case was pending in the justice court defendant made application to have it certified to the circuit court, on the ground that the trial would involve the question of title, but the circuit judge, in vacation,

held differently, and sent the case back to the justice. After the case had got back to the justice defendant in error again renewed his motion to have the case certified to the circuit court, for the same reason as stated in the former motion, which the justice overruled. After the appeal to the circuit court, defendant filed a motion to dismiss the suit, on the ground that the judgment of the justice exceeded his jurisdiction, and that a motion had been filed in the justice court to certify the case to the circuit court, because a trial would involve title to real estate.

The court in passing on the motion held that the application before the justice to have the case certified to the circuit court was properly overruled by the justice; but held that the judgment of the justice was void, for the reason that the same was in excess of his jurisdiction, and dismissed the case.

The action of the court in dismissing the cause was error. In State ex rel. St. Joseph Town Site Company v. Mosman, Judge, 112 Mo. App. 540, the court, in opinion by JOHNSON, J., holds, that it was error in said judge to dismiss the cause, because the judgment rendered by the justice was void. The opinion of the court is well sustained by both reason and authority. But we hold that the action of the court was error on the ground that the judgment of the justice was not void; that the justice exceeded his jurisdiction by rendering a judgment for $312 there can be no question. But that he had jurisdiction over the subject-matter, unlawful detainer, also, can not be questioned. [Sec. 4131, R. S. 1899.] In such cases, if the plaintiff recover he is entitled to judgment for recovery of the premises, and for the amount of the rent due, provided the amount so due does not exceed the jurisdiction of the justice. [Sec. 4133, idem.] The statute contemplates that the landlord may recover possession of the premises, whether the amount of rent due is within or in excess of the jurisdiction of the justice. And a judgment in the latter in-

stance would only be void as to that part rendered for rent due. [January v. Stephenson, 2 Mo. App. 266. But in this case the justice not only had jurisdiction of the landlord's claim to the premises, but of the amount of rent sued for, viz., $262. The city of St. Joseph, the *locus* of the justice, having a population of over 100,000 inhabitants, he had jurisdiction in actions for money in all cases not exceeding $300. [Sec. 3836, idem.] The judgment for $312 was an excessive judgment and did not go to the justice's jurisdiction. [Simpson v. Watson,. 15 Mo. App. 425; Walter Com. Co. v. Gilleland, 98 Mo. App. 584.]

The complaint of plaintiff in error, filed before the justice of the peace is attacked as insufficient, for the reason that it is signed and sworn to as follows: "South St. Joseph Town Co., by A. L. Thompson, agent." The objection is that, it should have been signed and sworn to by Thompson, as agent for the town company. Technically the complaint in that respect is defective. But it is substantially good. In the body of the complaint he describes himself as agent, and signs the complaint in the name of the company, by himself, as agent. Plainly the meaning is that he is the agent of the company.

. Another contention of the defendant in error is, that after the case had been certified to the circuit court by the justice, the judge of that court had no authority to send it back to the justice by an order made in vacation. But the statute provides that the circuit court may, in vacation, remand a case to the justice in such instances. [Sec. 3951, idem.] State ex rel. v. Woodson, 161 Mo. 444, does not support the contention. Other questions raised are immaterial.

The cause is reversed and remanded with directions to the circuit. court, to hear and determine the cause. All concur.