Laney v. Garbee.

## LANEY v. GARBEE *et al., Appellants.*

### DIVISION TWO.

1. **Summons**: VOID SERVICE: JUDGMENT. Under Revised Statutes,
1879, section 3489, which provides for service of the petition and
writ by leaving copies "at the usual place of abode" of defendant
"with some person of his family over fifteen years old," a return
showing merely that the sheriff delivered such copies "to a mem-
ber of defendant's family over fifteen years old" is insufficient,
and a judgment rendered thereon by default is void.

2. ———: RETURN: JUDGMENT: RECITALS. A recital in the judg-
ment that the defendant was duly served with summons may be
contradicted in a collateral proceeding by showing from the return
itself that legal service was not made.

*Appeal from Christian Circuit Court.*—Hon. W. D.
HUBBARD, Judge.

AFFIRMED

Laney v. Garbee.

*Gideon & Gideon* for appellants.

(1) All that a stranger to a judgment is required to look to is the judgment, execution and sheriff's deed, and, if they appear to be regular upon their face, he will be protected ; for the policy of the law is opposed to setting aside judicial sales, and at a tax sale this rule applies. *State ex rel. v. Sargent*, 12 Mo. App. 228–238. (2) When property is sold and conveyed for the satisfaction of any judgment regularly made, and is bought by a stranger to it, or is in the hands of an innocent third party as in this case, the setting aside of the judgment, under which such sale and conveyance is made, does not affect the title or rights acquired under it while in force. And a fair construction of section 3691, Revised Statutes, 1879, means when the judgment appears to be regular on its face independent of the other files in the case. R. S. 1879, sec. 3691 ; Freeman on Judgments [3 Ed.] sec. 509, p. 509 ; *Jones v. Driskill*, 94 Mo. 200. (3) The judgment recites that Laney was duly served by process of summons, and it imports absolute verity, and we conclude he had notice. *Rumfelt v. O'Brien*, 57 Mo. 569. The law presumes that a judgment speaks the truth as to service, and the manner of service, and that the evidence of such service was before the court at the time the judgment was rendered, and, if this presumption is true, then some officer has set in motion the machinery of the law by which plaintiff has lost his land, and in this case his remedy is against such officer for damages. *State ex rel. v. Finn*, 11 Mo. App. 400.

*Jas. R. Vaughan* for respondent.

(1) John Laney was not summoned or notified in the back-tax suit, and for this reason the judgment and sale for taxes to W. R. Jones, under whom defendants and appellants claim title, was a nullity, and Jones

obtained no title thereunder, and hence could convey none to said Wilkinson. Such a judgment is, of course, open to collateral attack. *Janney v. Spedden*, 38 Mo. 397. ( 2 ) If the judgment, taken as a whole, shows that the court had no jurisdiction, then the judgment is a nullity. *Howard v. Thornton*, 50 Mo. 291 ; *Milner v. Shipley*, 94 Mo. 108 ; *Brown v. Woody*, 64 Mo. 550 ; *Adams v. Cowles*, 95 Mo. 501. ( 3 ) "Although the record contains the jurisdictional recital, that 'defendants have been duly served with process,' it is competent to overthrow such recital by showing, by other parts of the record of equal dignity and imparting equal verity, that such recital is untrue. And the return of the sheriff is a part of the record itself, and may, when radically defective, be used to rebut the presumption arising from recitals of service contained in other portions of the record." *Cloud v. Inhabitants*, 86 Mo. 358 ; *McClanahan v. West*, 100 Mo. 321. ( 4 ) "Genally the recital of jurisdiction contained in the record, or of the service of process contained in the judgment, will be construed in connection with the whole record, and will be deemed to refer to the kind of service shown by the other parts of the record." *Cloud v. Inhabitants*, 86 Mo. 358 ; *Crow v. Meyersieck*, 88 Mo. 414. ( 5 ) "If the notice attempted to be given, as the same appears by the records, is fatally defective, there is under the authorities no presumption of notice in any other mode or manner." *Crow v. Meyersieck*, 88 Mo. 415 ; *Blodgett v. Schaffer*, 94 Mo. 669. ( 6 ) The tax judgment was set aside, upon due notice to the Garbees, P. E. Sweeney and Jones, as void, and hence the tax deed had nothing to support it. *Rumfelt v. O'Brien*, 57 Mo. 572, was a case in which the defendant Rumfelt appears to have been really served by publication, and in which the judgment recital was that he was duly served with process. The record or roll appears to have been offered in evidence in fragments upon the trial, and this court, in rendering an opinion in the same,

pertinently and distinctly stated that "nothing here to show that the several fragments exhibited in evidence constituted the whole record of the *Union Bank case.*" This latter case is explained in *Cloud v. Inhabitants of Pierce City*, 86 Mo. 369. The sections referred to in Freeman on Judgments, by appellants, are simply general discussions of the subject of "jurisdictional inquiries," and can give this court no aid in determining this appeal. The Missouri law is so clear, and the former opinions of this court so decisive of the questions here involved, that it is not necessary that we go to text-books or the law of foreign courts for light. There is no error in the record, and the respondent asks that the judgment be affirmed.

MACFARLANE, J.—Ejectment to recover a tract of land in Christian county. The answer admitted the possession, and denied all other facts.

The land was entered by plaintiff, which he showed and rested. Defendants introduced in evidence, in support of their title, a deed from the sheriff of the county, conveying the land to one W. R. Jones, and a deed from Jones to defendant Wilkinson. The other defendants were tenants of Wilkinson. The sheriff's deed was under an execution sale upon a judgment of the circuit court of Christian county against plaintiff, for delinquent taxes on the land for the years 1881, 1882, 1883.

The tax suit was brought to the September term, 1885, of said circuit court. At that term, a final judgment by default was rendered for $37.35, the amount of unpaid taxes; an order enforcing the lien of the state on the land in controversy, with other lands, was made, and special execution ordered. This judgment, which is the basis of defendants' title, is attacked by plaintiff for want of jurisdiction of the person of John Laney, defendant therein.

The judgment contains the following recital: "Now, at this day, comes on to be heard this cause,

and the plaintiff appearing by attorney, and the defendant, though duly served with process of summons more than fifteen days before the first day of this term of court, comes not, but makes default."

To overcome this recital, plaintiff offered in evidence the original summons in the case, and the return of the sheriff thereto. The summons was in the usual form, and the return was as follows: "Executed the within writ, in the county of Christian, on the fourth day of August, A. D. 1885, by delivering a certified copy of this writ and the petition to a member of John Laney's family over the age of fifteen years." It was also shown that, during the years 1884 and 1885, John Laney was a resident of Greene county.

Defendants objected to this evidence on the ground that the recitals of the judgment were conclusive, and could not be contradicted or impeached collaterally. The objection was overruled. The court, trying the facts as a jury, declared the law to be that, under the evidence, the finding should be for plaintiff, and so judgment was entered. Defendant appealed.

The service, as shown by the return of the sheriff, was not according to any method known to the law, and was equivalent to no service at all. The third clause of section 3689, Revised Statutes, 1879, under which, doubtless, the service was attempted, required a copy of the petition and writ to be left "at the *usual place of abode*" of defendant, "with some person of his family over the age of fifteen years." The service here provided is constructive, and must conform, at least, substantially to the requirements of the statute. *Bank v. Suman*, 79 Mo. 530; *Brown v. Langlois*, 70 Mo. 226; *Blodgett v. Schaffer*, 94 Mo. 669.

It is insisted that the manner of service cannot be shown to contradict the recitals of the judgment. If the entry of the judgment upon the books of the court constituted all the record in the case, the contention would have weight. That is not the case. The return

of the sheriff is as much a part of the record as the judgment entry. The recitals of the service, contained in the judgment, cannot import greater verity than the return itself shows.

Since the decision in the case of *Cloud v. Pierce City*, 86 Mo. 358, where the question was exhaustively considered, it has been held in this state, even in collateral proceedings, that the jurisdictional recitals of a judgment of due service of process will be controlled by, and must yield to, the service as it appears upon the whole record. The recitals of the judgment will be deemed to refer to the kind of service shown by other parts of the record. *Milner v. Shipley*, 94 Mo. 106; *Adams v. Cowles*, 95 Mo. 506; *Crow v. Meyersieck*, 88 Mo. 415; *McClanahan v. West*, 100 Mo. 321; *Blodgett v. Schaffer*, 94 Mo. 671.

The service of process in this case was wholly insufficient and unauthorized by law, and, in consequence, the court never obtained jurisdiction of the person of defendant therein, and the judgment rendered was without validity, force or effect, and defendant acquired no title by the sale and sheriff's deed thereunder. Judgment affirmed. All concur.