LEE HORN, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 23, 1901.

1. **Action, Damages: TWO SUITS AND TWO JUDGMENTS: PLEA OF RES ADJUDICATA: INSTRUCTION.** The trial court instructed the jury as follows: "The court instructs the jury that under the evidence offered as to the former judgment rendered February 26,

1900, by justice of the peace against defendant, the justice in render-ing such judgment did not acquire, nor have any jurisdiction over the defendant, and said judgment is void and constitutes no defense to this action." Held, that the instruction properly declared the law.

2. ———: ———: ———: SERVICE OF PROCESS IN FIRST SUIT, WORTHLESS. The appellant, being a Missouri corporation with its business office at Bonne Terre in St. Francois county, Missouri, could only be brought in court legally by service of the summons on the president of the company, or some other chief officer, or by leaving a copy of such summons with some person having charge of its office at Bonne Terre, as required by section 995, Revised Stat-utes 1899.

3. ———: ———: ———: NO COLLATERAL ATTACK OF JUDG-MENT: A JUDGMENT MAY BE IMPEACHED BY OTHER PARTS OF RECORD. The return of the constable, as indorsed on the sum-mons, is primary evidence; the recitals in the justice's docket as to what the return contains, secondary evidence, and may be contra-dicted by the return; such recitals in the judgments of courts of record may be overthrown by other parts of the record.

4. ———: ———: A VOID JUDGMENT, NO DEFENSE. The judg-ment pleaded in bar being a nullity, furnished no defense whatever to the plaintiff's cause of action.

Appeal from St. Francois Circuit Court.—*Hon. James D. Fox,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

We adopt the following statement of the case, by appel-lant, as being correct as far as it goes:

"On the ninth day of May, 1900, plaintiff filed with R. C. Tucker, a justice of the peace, within and for St. Francois township, St. Francois county, Missouri, his complaint against the defendant company, alleging that on or about the first day of August, 1899, in said St. Francois township, St. Francois

county, Missouri, at a point on defendant's road, where defendant had failed to erect and maintain lawful fences on the sides of its said railroad as required by law, and where the same ran through, along or adjoining inclosed or cultivated fields, and by reason of such failure, hogs broke into and laid waste and wholly destroyed a large quantity of corn and potatoes belonging to plaintiff, to the value of thirty dollars. That said hogs entered the field of plaintiff from defendant's right of way, owing to the fence of defendant being out of repair; that said fence had been out of repair for a long time, a fact well known to the defendant, etc., and prayed judgment for sixty dollars, double damage.

"To this complaint, the defendant filed, before said justice, the following plea:

"Now comes the defendant company and for plea and answer to plaintiff's supposed cause of action, states that on the eighth day of February, 1900, the plaintiff in the above entitled cause instituted a suit before one R. C. Tucker, a justice of the peace, within and for the township of St. Francois, county of St. Francois, and State of Missouri, for the self-same cause of action, trespass and damage sued for in this suit, which said justice had jurisdiction of the subject-matter of said suit; and that afterwards on the twenty-sixth day of February, 1900, said justice having jurisdiction over the subject-matter of said suit, proceeded to adjudicate and determine the rights of the respective parties in said suit wherein this plaintiff was plaintiff and this defendant was defendant; and this plaintiff in that suit recovered a judgment before said justice for the sum of forty dollars, together with his costs, which said judgment still remains in full force and effect not in the least reversed, or made void, and this the defendant is ready to verify. Wherefore, defendant prays the justice whether this plaintiff should be allowed to have and

maintain this action against this defendant.

"To this plea, plaintiff filed the following reply:

"Now comes plaintiff, and for answer to plea of defendant filed herein, admits that plaintiff in said cause, instituted suit before R. C. Tucker, justice of the peace, and admits that judgment in form was entered upon the docket of said justice on February 26, 1900, but says that said judgment was, and is absolutely void; that said justice did not acquire jurisdiction of the person of defendant company; that defendant was not served with process in said suit; that said judgment has no force and effect but is null and void, and this plaintiff is ready to verify.   Wherefore, plaintiff prays the court that he may be allowed to prosecute this his cause of action.

"The case came on for hearing before said justice on the ninth day of June, 1900.   The justice overruled defendant's plea, and upon a hearing of the case entered a judgment for plaintiff for the sum of sixty dollars, double damages.   From this judgment the defendant duly appealed the case to the circuit court.

"At the November term of said circuit court, 1900, this cause come on for hearing.   A jury was ordered and duly impaneled to try the cause, no notice whatever being taken of defendant's plea of former judgment by court.

"The plaintiff proceeded to offer testimony in support of his complaints.   Upon the question of the sufficiency of this testimony to entitle the plaintiff to recover, as an original proposition, we make no question.

"Upon the close of plaintiff's testimony, defendant introduced R. C. Tucker, as a witness, who testified that he was a justice of the peace of St. Francois township, and that he had been such justice for about ten years.   That he kept a regular docket in which he entered all the proceedings in cases brought before him; among others was the case of Lee Horn v. The

Mississippi River & Bonne Terre Railway Company, two cases. The first suit was brought February 8, 1900. The judgment was rendered on February 26, 1900. Witness then identified said judgment as entered on his docket which is as follows:

"Lee Horn, Plaintiff,

vs.

Mississippi River & Bonne Terre Railroad Company, Defendant.

"Before R. C. Tucker, justice of the peace, St. Francois township, St. Francois county, February 8, 1900.

"At this day comes the plaintiff by his attorneys, Pipkin & Young, and files his statement against the defendant for damages; thereupon I issued a summons and delivered it to H. H. Meloy, constable, returnable on the twenty-sixth day of February, 1900. February 26, 1900; at this day comes the plaintiff in his own proper person, as well as by attorney, but the defendant although being called, comes not, but makes default; and it appearing from the return of the officer that the defendant has been served with process more than ten days before the day of trial hereof, and it further appearing that plaintiff ought to have judgment against the defendant for the sum of twenty dollars, it is therefore considered and adjudged by me that the plaintiff shall recover from the defendant the sum of forty dollars, being double the amount of damages as prayed for in plaintiff's petition, together with six per cent interest from date of judgment and also the cost herein expended, taxed at $7.60, and there be execution hereof.

"R. C. Tucker, J. P.

"Execution delivered to H. H. Meloy, constable, March 14, 1900.

"Witness testified that he issued an execution on that judgment on the fourteenth day of March, 1900, and delivered it to

H. H. Meloy, constable; my docket shows no return of the execution. Subsequent to the date of issuing that execution I think there was another suit instituted by this plaintiff and against this defendant. My docket shows it was instituted May 19, 1900; that is this suit. Witness being asked whether these suits were for identically the same cause of action, answered: 'Do not know whether I can say that or not, but I know it was instituted by the same party, and my recollection of the proof was that it was about the same proof in both cases, and I think on the same property. This second suit is the suit now pending in this court on appeal from my court.' On cross-examination witness identified the return of the constable indorsed on the petition in the first suit. The last judgment is for thirty dollars doubled, making sixty dollars, and the first was for twenty dollars doubled, making forty dollars.

"H. H. Meloy, a witness on the part of the defendant, being duly sworn, testified as follows: That he was constable of St. Francois township; that as such constable there was placed in his hands an execution against the Mississippi River & Bonne Terre Railroad Company in favor of Lee Horn, the plaintiff in this case. He stated that he served that execution to the best of his ability, made a return on it. He thinks the execution is in Esquire Tucker's court; that he has not the execution, nor is it under his control. He stated that he levied the execution on property sufficient to satisfy the same; that he levied on some railroad property which the defendant company showed him at the time of making the levy, and that he thinks the property was sufficient to satisfy the execution, but says he could not sell it, that he advertised the property for sale but nobody bid and he returned the execution, because there was no bidder, not satisfied. On cross-examination he stated that he did not sell the property, but turned it over and left it in the hands of the company, that he has no control of it now and

that he released it. Defendant then rested and the plaintiff offered the petition and summons in the first suit and return of the constable on the summons in said first suit which appear in full in the transcript of this cause."

The return of the summons in the first or original suit before Tucker, J. P., is as follows: "I hereby certify that I served the within writ by delivering to W. W. Pope, station agent of the defendant company (the Mississippi River & Bonne Terre Railway Company) in the township of St. Francois, a true copy of within summons, and a true copy of annexed petition, he, the said W. W. Pope, was at the time, an agent of the Mississippi River & Bonne Terre Railway Company, the defendant within named, and in charge of its office and station in the township of St. Francois and county of St. Francois, State of Missouri, on the ninth day of February, 1900.                    "H. H. Meloy,
                    "Constable of St. Francois County."

The court for plaintiff gave the following instruction:

"The court instructs the jury that under the evidence offered as to the former judgment rendered February 26, 1900, by justice of the peace against defendant, the justice in rendering said judgment did not acquire nor have any jurisdiction over the defendant, and said judgment is void and constitutes no defense to this action."

And refused the following asked by defendant:

"The court instructs the jury that if they shall find and believe from the testimony in this cause that the plaintiff in this cause instituted a suit and recovered a judgment before Esquire R. C. Tucker, a justice of the peace within and for St. Francois township, St. Francois county, Missouri, against this defendant on the twenty-sixth day of February, A. D. 1900, for the identical trespasses and cause of action sued for in this action, and that said judgment remained in full force and

effect, unappealed from or reversed or in any manner overruled at the date of the institution of this suit, is for the same identical trespass and cause of action as sued for in said former suits, then and in that event the plaintiff can not recover in this action, and the verdict of the jury should be for the defendant.

To the giving of the one and the refusal of the other defendant saved its exceptions. Verdict and judgment for plaintiff. Defendant appealed.

*Wm. Carter, Huff & Sleeth* for appellant.

The judgment being regular upon its face, as it is, showing clearly that the justice had jurisdiction over the subject-matter, then an execution issued upon it, regular upon its face, would protect the officer in executing it. He could not be treated as a trespasser for enforcing the process in his hands, no matter whether the justice had jurisdiction of the person of the defendant or not, provided that that defect did not appear upon the face of his writ. Howard v. Clark, 43 Mo. 344; Railroad v. Lowder, 138 Mo. 533; State ex rel. v. Smith, 81 Mo. App. 671; State ex rel. v. O'Neill, 151 Mo. 67.

*W. H. Young* and *Pipkin & Swink* for respondent.

(1) The instruction of the trial court, with reference to the question of former judgment, correctly declares the law. The return of the constable to the summons in the first suit was insufficient to confer jurisdiction of the person in any sense of the word and the judgment based thereon was void and open to collateral attack. Smith v. Rollins, 25 Mo. 408; Blodgett v. Schaffer, 94 Mo. 652; Am. and Eng. Ency. of Law (1 Ed.), pp. 124, 125, 184; Howard v. Thornton, 50 Mo. 291; Hope v. Blair, 105 Mo. 85; Wyeth Hardware Co. v. Lang, 54 Mo. App.

147; Decker v. Lidwell, 3 Mo. App. 586; Holland v. Johnson, 80 Mo. 34; M. K. & E. R'y Co. v. Horeth, 144 Mo. 136, 148, 149; Cloud v. Pierce City, 86 Mo. 357. (2) The return of the constable is a part of the record itself, and may, where radically defective, be used to rebut presumptions arising from recitals of service contained in other portions of the record. Blodgett v. Schaffer, 94 Mo. 652; Hutchinson v. Shelley, 133 Mo. 400; Cloud v. Pierce City, 86 Mo. 357; Williams v. Monroe, 125 Mo. 574; Wells on Jurisdiction, secs. 82, 87; State v. Wear, 145 Mo. 162.

BLAND, P. J.—The appellant is a Missouri corporation, and the record in the suit as well as the evidence of Meloy the constable show that its business office is located at Bonne Terre in St. Francois county, Missouri. The service of the summons should have been on the president of the company or other chief officer or by leaving a copy of it with some person having charge of its office at Bonne Terre, as required by section 995, Revised Statutes 1899. There was, therefore, no legal service of the summons and the judgment by default rendered by the justice was without jurisdiction and is a nullity. M. K. & E. R'y v. Hoereth, 144 Mo. loc. cit. 148; Hope v. Blair, 105 Mo. 85; Blodgett v. Schaffer, 94 Mo. 652. But it is contended by appellant that inasmuch as the justice's docket entry recites that the defendant "had been served with process," that the respondent can not collaterally attack the judgment by showing that as a matter of fact the appellant was not served at all with process in that suit. The error in this contention is that it leaves out of view the fact that the summons and the return of service thereon by the officer, is as much a part of the record (if we are permitted to dignify the docket entries of a justice as records), as is the formal entries of the justice in his docket, and are higher evidence of the facts they contain, than is the recital of

them on the docket by the justice.　The return of the constable, as indorsed on the summons, is the primary evidence; the recitals on the docket as to what the return contains are but secondary evidence, and may be contradicted by the return. Such recitals in the judgments of courts of record may be overthrown by other parts of the record.　Williams v. Monroe, 125 Mo. 574; Hutchinson v. Shelley, 133 Mo. 400.　The judgment pleaded in bar, being a nullity, furnished no defense whatever to the plaintiff's cause of action.　Hope v. Blair, 105 Mo. 85; Cloud v. Inhabitants of Pierce City, 86 Mo. 358; · Wyeth Hardw. Co. v. Long, 54 Mo. App. 147.　The instruction given by the learned trial judge correctly stated the law and we affirm the judgment.　All concur.