CLARKE, P. J., LAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.

---

GRANVILLE LEIGHTY, Respondent, v. NIMROD B. TICHENOR, Appellant.

First Department, June 2, 1916.

Process — service of summons in State of Missouri — foreign statute strictly construed — when validity of foreign service can be questioned here — action on foreign judgment — conflict of laws — service not giving jurisdiction to render personal judgment for money.

The statute of the State of Missouri relating to the service of summons in a civil action to recover personal judgment for a sum of money should be strictly complied with.

In a suit in our courts on a judgment rendered by the courts of Missouri, where the service was made at the alleged place of abode of the defendant, by leaving it with a member of his family over fifteen years of age, the validity of the service may be questioned in our courts.

Evidence examined, and *held*, that at the time of said service the defendant was not domiciled in the State of Missouri, and was not bound by the personal judgment entered upon such substituted service.

APPEAL by the defendant, Nimrod B. Tichenor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1915, upon the decision of the court after a trial before the court without a jury.

*John Kirkland Clark*, for the appellant.

*Stephen P. Anderton*, for the respondent.

SMITH, J.:

This is a suit on a judgment rendered in Missouri in 1904 against this defendant. The contention of the defendant is that the original judgment is not binding because of the failure to effect proper service on him. The judgment was a personal one for the recovery of a sum of money. The service of the summons was a substituted one. The Missouri statute prescribing the method of service is as follows:

" A summons shall be executed, except as otherwise provided by law, either: *First*, by reading the writ to the defendant and delivering to him a copy of the petition; or, *second*, by delivering to him a copy of the petition and writ; or, *third*, by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years; * * * or, *fifth*, where there are several defendants, by delivering to the defendant who shall be first summoned a copy of the petition and writ, and to such as shall be subsequently summoned, a copy of the writ, or by leaving such copy at the usual place of abode of the defendant, with some person of his family over the age of fifteen years; * * *. All copies of said writ shall be made by the officer serving same, and for each copy necessarily made by him he shall be

entitled to a fee of ten cents." (See Revised Statutes Missouri [1899], § 570; now Revised Statutes Missouri [1909], § 1760, as since amd. by Laws of 1911, pp. 138, 139, and Laws of 1915, pp. 225, 226.)

The sheriff's return read:

" I further executed this writ in the City of St. Louis, this 16th day of September, 1904, by leaving a copy of the writ as furnished by the Sheriff for N. B. Tichenor, a defendant herein, at his usual place of abode with a person of his family over the age of fifteen years."

The other defendants were served but the returns showed that these services were made on the seventeenth of September. The defendant argues that the service on him was ineffective because, since at the time of service he had no residence in St. Louis, he could only be bound by a judgment based on a personal service of the summons, and also because the statute was not complied with, inasmuch as he was the first served, and no copy of the petition accompanied the writ.

The second objection questions the proper procedure under the Missouri statute. The plaintiff's expert, a Missouri lawyer, wavered in his rendering of the Missouri law, at one time stating on cross-examination that " if no person had been served prior to Tichenor * * * — if Tichenor was the first one served and no copy of the writ and petition was left with him, but left with a defendant subsequently served — * * * that would not be substantial compliance with the statute," and later on redirect examination the witness contradicted himself and stated that such service would be substantial compliance. The defendant's expert on the other hand positively testified that such service would be invalid, supporting his testimony with a reference to the case of *Feurt* v. *Caster* (174 Mo. 289) which held that where a suit was against one defendant, and the return stated that a copy of the writ was served and omitted to state that a copy of the petition accompanied it as is required by the statute, the service was invalid and a judgment based on it could be collaterally attacked. In view of the strict construction this statute has received on all occasions in the State of Missouri (*Laney* v. *Garbee*, 105 Mo. 355; *Rosenberger* v. *Gibson*, 165 id. 16, 23), it must be held that the statute should

be absolutely complied with, and the service here should be held insufficient.

It is true that a writ of error *coram nobis* brought by defendant herein before the Circuit Court of the city of St. Louis in 1910 to set aside this judgment was denied, but such denial was apparently placed upon the limitation of the scope of the writ, and the fact that under the writ the question of the validity of the service could not be raised.

The objection as to the fact of domicile of the defendant, however, is one going to the broad common-law principles of jurisdiction. Upon this question this court is in no way bound by Missouri adjudications in its disposition of an effort to enforce the judgment in this State. (*White* v. *Glover*, 138 App. Div. 797.) It appears to us from a consideration of the statutes that the intent of the statute was to prescribe a method of service on domiciled and not merely temporary residents, and that, therefore, by the terms of the statute, as well as by the principles of the common law, the service would be ineffective if defendant was not at the time domiciled in Missouri, even though he happened to have a temporary "place of abode" in the State. From the evidence, however, we consider that he had neither domicile nor place of abode in Missouri at the time of the service. The defendant himself testified that his home was in Dallas, Tex., although he and his family moved about the country, following the races and living in apartments a few months at a time. In 1902, 1903 and 1904 they lived in St. Louis during the summer months, but he testified that they left by the first of September at the latest. It is not shown at what place he is claimed to have lived when served by substituted service. A janitor in Thornby Place, St. Louis, swears to defendant's having resided there in September, 1904, when service is claimed to have been made, but the strong weight of the testimony is that he rented the house in Thornby Place in 1903, and not in 1904, and was not there in 1904, nor in St. Louis in September, 1904. No facts are shown from which an inference can be drawn that he intended at any time to make St. Louis his home, and the record is barren of any proof that his residence at any time in St. Louis was such as to raise a legal implication that he had consented to be bound by a per-

sonal judgment entered upon a substituted service of the summons.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., McLAUGHLIN, LAUGHLIN and PAGE, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.    Order to be settled on notice.